### Edmond M. Gould v. Gardner, Sager & Co.

The following charge to the Jury held to be strictly correct.

In order to maintain an action for damages for a malicious arrest, the plaintiff must prove malice in fact, and that the arrest complained of was made, or procured to be made by the defendants from malicious motives, and without probable cause.

If it appears from the evidence, that the defendants in making or procuring the arrest, acted under the advice of counsel given in good faith; that they had a good cause of action against the defendant in said action, and a legal right to hold him to bail therefor—then the defendants are not liable in damages to plaintiff, and the action cannot be maintained against them.

The verdict and judgment rendered in the District Court and confirmed in the Supreme Court, in the case of the present defendants against *O'Connel & Gould*, in which the plaintiff was arrested and held to bail, and which arrest is the cause of action in this case, is conclusive evidence of a good cause of action in that suit, and cannot now be contradicted by parol or other evidence.

Although the firm of *O'Connel & Gould* had been dissolved before the commencement of the action instituted by the defendants against plaintiff, yet all the partners of the firm of *O'Connel & Gould* were bound *in solido* for all the debts of the firm, and liable to be sued for them.

The evidence of the existence of malice on the part of the defendants, in making the arrest of the plaintiff, is not sufficient to maintain this action, if there was a good, or probable cause of action at the time, and an apparent legal right to hold to bail.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *Hunton & Bradford*, for plaintiff. *Roselius* and *Eustis*, for defendants and appellants.

BUCHANAN, J. (LEA, J., dissenting.) This is a suit for damages for a malicious arrest in an action of debt: and has been already remanded by this court, upon a bill of exceptions to the refusal of the District Judge to charge the jury, that to maintain this action, it was necessary for the plaintiff to prove malice and the want of probable cause for the arrest.

See the decision in 8th An., p. 11.

Upon the second trial, the Judge gave the following charge to the jury, without any objection on the part of plaintiff:

"1st. That in order to enable the plaintiff to maintain this action against the defendants, it is necessary for the plaintiff to prove malice in fact, and that the arrest complained of, was made or procured to be made by the defendants from malicious motives, and without any probable cause.

2d. That if it appears from the evidence, that the defendants, in making or procuring said arrest, acted under the advice of counsel, given in good faith, that they had a good cause of action against the defendant in said action, and a legal right to hold him to bail therefor, that the defendants are not liable in damages to plaintiff, and this action cannot be maintained against them.

3d. That the verdict and judgment rendered thereon in this court, and confirmed in the Supreme Court, in the case of *Gardner, Sager & Co.* v. *O'Connel & Gould*, No. 3322 of the docket of this court, in which the plaintiff was arrested and held to bail, which arrest is the cause of action set forth in the plaintiff's petition, is conclusive evidence of a good cause of action in that suit, and cannot now be contradicted by parol or other evidence.

4th. That although the firm of *O'Connell & Gould* had been dissolved before the commencement of the action instituted by the defendants against plaintiff as aforesaid, yet that all the partners of the firm of *O'Connell &*

37

*Gould* were bound *in solido* for all the debts of the firm, and liable to be sued for them.

5th. That the existence of malice on the part of the defendants in making the arrest of the plaintiff, is not sufficient to maintain this action, if there was a good or probable cause of action at the time, and an apparent legal right to hold him to bail."

The jury retired with this charge, and returned into court with a verdict against defendants for ten thousand dollars damages, being rather more than double the amount of the judgment which the defendants had recovered of plaintiff in the suit which has given rise to the present action.

This verdict was in direct contradiction to the charge of the court: and that charge was strictly in accordance with the principles of law governing this kind of action, as enunciated in the decision of the Supreme Court remanding this cause. Besides the numerous cases upon which that opinion of our predecessors was based, there are two decisions of a later date, *Hall* v. *Acklen*, 9 An., 219, and *Talbot* v. *Stone*, decided at Monroe last summer, and not yet reported, in which the same principles have been reiterated by the present bench.

It seems to have been supposed that this cause was remanded by our predecessors for the purpose of having it decided by the verdict of a jury, whether the arrest of plaintiff was made without probable cause. But there is no ground for that supposition. Our predecessors not only decided that the action could not be maintained without proof of malice, as well as a want of probable cause for the arrest of plaintiff: but they declared in the most emphatic language that those elements were wanting to the present case.—"It appears," said Judge Dunbar, the organ of the unanimous opinion of the court, "that the defendants in this case were not without probable cause for the arrest of *Gould*. They acted by the advice of eminent and learned counsel, whose opinion was formed upon a decision of that distinguished jurist, the late Judge Martin, in the case of *Abat* v. *Robitaille*, 4th Louisiana Reports, 226, which for twenty years had been considered as the proper construction of the law of arrest, until overruled by a decision of this court in this very case of the arrest of the plaintiff *Gould*, reported in 5th An., 353, *Gardner, Sager & Co.* v. *O'Connell & Gould*, upon which this action is based. Although we still adhere to our decree in this last mentioned cause, yet there can be no doubt, under the circumstances and previous decisions, that the defendants had, in their action, probable cause for the arrest of *Gould*."

And farther down, the court says : " The question in the present case is not whether the defendants had a probable cause of action; that has been placed beyond doubt by the judgment obtained in their favor against *Gould*, for the whole of their demand against him ; but whether they had probable cause for the arrest, and we have already said that they had."

In the face of these decisive expressions, it is impossible to consider that it was the intention of our predecessors to leave this matter of the probable cause for the arrest of plaintiff, an open question. They remanded the cause, because the District Judge had committed a mistake in the legal principles which govern such an action as the present, and had thereby misled the jury which first tried the cause. Our predecessors could only have intended, that this very case should be the vehicle for conveying the sound doctrine upon this important subject, to juries in the court of the first instance. For that Supreme

Court had, as this one has, full control of the facts as well as the law of civil cases submitted to their revision, and as we have seen, expressed an opinion upon the facts as well as upon the law. But the second jury disregarded this exposition of the legal principles applicable to the facts of the cause thus presented to them with the authority of the Supreme Court, as well as that of the District Court. By their verdict, they are supposed to have told us that *Gardner, Sager & Co.* had no probable cause for the arrest of *Gould.* This is, at best, but matter of inference, for the jury have given (and were obliged to give) no reasons for *their* decision. But the Supreme Court has told us, most distinctly, that *Gardner, Sager & Co.* had probable cause for the arrest of *Gould.* Now, whom shall we follow, the Supreme Court or the jury, upon this question of law ? For it is purely a question of law, upon the following state of facts. *Gould,* the debtor of *Gardner, Sager & Co.,* heretofore a resident of a foreign country, when the debt was contracted, arrives for the first time in New Orleans, a man without family, and seeks employment as clerk in a commercial house, declaring to his acquaintances that it is his intention to establish himself permanently in this city.

A few weeks after *Gould's* arrival in New Orleans, his creditors, *Gardner, Sager & Co.,* acting upon the best legal advice, based upon a decision of the Supreme Court in a case presenting identically the same facts, and upon the uniform practice for twenty years as settled by that decision, procure the arrest of *Gould* for their debt. This arrest is afterwards set aside by the Supreme Court, by a judgment professedly overruling the cases previously adjudged, and establishing a new rule of practice. The question of probable cause for the arrest, is identical with the question of the legal right to arrest ; and that legal right is to be determined by the law as it stood at the time the arrest was sued out, not as it stands now. The legal advisers of *Gardiner, Sager & Co.,* although of the first eminence in the profession, could not be expected to foresee that the law would be changed in this very case. One of them (*Mr. Roselius*) has given his evidence very fully upon this point. All that those learned gentlemen could look to, in giving their advice to their clients, was, the decisions of the Supreme Court *in pari materiá.* " The decisions of the Supreme Court are evidence of what the law is," said Judge Porter, in the case of *Breedlove* v. *Turner,* 9th Martin, 367.

That was a suit against a lawyer for damages, for having given his client advice which was not in conformity to a case adjudged by the Supreme Court ; by means whereof an attachment had been set aside.

The doctrine advanced by counsel on that occasion, that lawyers practicing in this State are not obliged to notice judgments given by the Supreme Court, was held to be inadmissible.

Tested by this rule, it is unquestionable, legally speaking, that there was probable cause for the arrest of plaintiff, at the suit of defendants. See case of *Walter* v. *Sample,* decided in the Supreme Court of Pennsylvania, January, 1856. Am. Law Register, vol. 4th, p. 384.

It will be observed that the indebtedness of *Gould* to *Gardner, Sager & Co.,* is taken for granted in this opinion. That indebtedness is *res judicata,* by the final judgment in the first suit ; although it was questioned before the jury in the present case, as evidently appears by the call for certain documents by which plaintiff swore he expected to prove that an award of referrees, made before the institution of the suit of *Gardner, Sager & Co.,* had established a

balance due by the latter to him. The defendants correctly excepted to this evidence. Not only was the inquiry closed by the judgment in *Gardner, Sager · & Co.* v. *O'Connell & Gould*, as was said by our predecessors; but an inspection of that record, (which is in evidence,) shows that the present plaintiff took out a commission in that case, to prove the very same fact.

The judgment of the District Court is therefore reversed and judgment is rendered for defendants, with costs in both courts.